IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

STEPHEN LAROY JONES,
Petitioner

v.

UNITED STATES OF AMERICA,
Defendant

Civil No. AW13-00603
Crim. No. AW-11-00079

*****************************************************************

## MEMORANDUM OPINION

Before the Court is Petitioner/Defendant Stephen Laroy Jones' Motion/Petition to Vacate, Set Aside, or Correct a Sentence for relief pursuant to 28 U.S.C. § 2255. For the reasons articulated below, the Court will **DENY** Petitioner's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2011, Petitioner was charged with a three-count Criminal Indictment with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of possession with intent to distribute five or more grams of crack cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and one count of possession with intent to distribute a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a). Doc. 75 at 1. The charged offenses occurred on or about March 19, 2010 in the District of Maryland. Doc. No. 75 at 1.

Originally Petitioner was appointed Ms. Paula Xinis as defense counsel in March of 2011. Doc. No. 75 at 1. Following Ms. Xinis' appointment, the Government made an official plea offer on May 9, 2011. Doc. No. 75 at 1. On July 13, 2011, upon Petitioner's request, an

attorney inquiry hearing was held and Ms. Xinis was released as Petitioner's defense counsel. Doc. No. 75 at 2. On July 14, 2011, Petitioner was appointed Mr. Anthony D. Martin as defense counsel. Doc. No. 25 at 1. On August 23, 2011, the Government informed Mr. Martin that the original plea offer was still active and valid. Doc. 75. at 2. On September 7, 2011, a federal grand jury in the District of Maryland returned a Superseding Indictment charging Petitioner with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); one count of possession with intent to distribute twenty-eight or more grams of crack cocaine base, in violation of 21 U.S.C. § 841(a); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Doc. No. 27. at 1-3.

On October 11, 2011, Petitioner appeared before the Court and plead guilty to Counts One and Two of the Superseding Criminal Indictment. Doc. No. 75 at 2. On February 2, 2012, this Court sentenced Defendant to 130 months imprisonment and four years of supervised release. Doc. No. 75-3 at 20-28. Petitioner filed a timely appeal on February 6, 2011, and on September 5, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence. Doc. 71-1 at 7. Petitioner did not seek writ of certiorari from the United States Supreme Court. Doc. 71-1 at 7.

The present Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2225 was filed on February 26, 2013. Doc. 75 at 3. In support of his motion, Petitioner asserts that he was denied the assistance of effective counsel in the negotiation of his plea. Doc. 71 at 4. Petitioner argues that, at the commencement of his case, the Government offered the Petitioner a binding plea agreement that would have guaranteed him five years imprisonment. Doc. 71-1 at 2. He further asserts that the deal was never properly explained to him by Ms. Xinis and, as a result, he failed to accept the plea offer. Doc. 71-1 at 2.

2

## II. ANALYSIS

With respect to Petitioner's claims of ineffective counsel, the Court will review the allegations under the two-pronged standard established in *Strickland v. Washington*. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must "show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing the performance of counsel, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689.

In evaluating the first prong of the Strickland test, courts should make every effort to evaluate the attorney conduct from counsel's perspective at the time of representation, applying a strong presumption of competence with respect to the actions of defense counsel. *See Roach v. Martin*, 757 F.2d 1463, 1477 (4th Cir. 1985). To prove deficiency, Petitioner must show that the counsel's performance and representation "fell below an objective standard of reasonableness," as measured by prevailing social norms. *Strickland*, 446 U.S. at 688. Under the prejudice prong, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Petitioner's claim of ineffective counsel fails under the *Strickland* standard. In this case, Petitioner's claim follows his guilty plea. Accordingly, Petitioner has an even higher burden to meet. The Fourth Circuit describes this burden in *Hooper v. Garraghty*:

> When a defendant challenges a conviction entered after a guilty plea, the "prejudice" prong of the test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted going to trial."

845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

3

When evaluating post-guilty plea claims of ineffective assistance, defendants are usually bound to statements made under oath during a plea colloquy. *See Fields v. Atty. Gen. State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). "In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005). The Petitioner has not given any clear evidence that suggests that the statements he made during his Rule 11 colloquy, claiming that his counsel had properly discussed his guilty plea, were dishonest or involuntary and, as such, he should be bound by those statements.

Petitioner contends that his original defense counsel, Ms. Xinis, did not properly communicate the Government's first plea offer. Doc. 71-1 at 2. Petitioner describes this plea offer as a Rule 11(c)(1)(C) plea and states that it would have bound the Court to sentence the Petitioner to five years. Doc. 71-1 at 2. Contrary to Petitioner's belief, the original plea offer was not framed as a Rule 11(c)(1)(C) plea agreement and the offer clearly explained that sentencing was at the sole discretion of the Court. Doc. 75-1 at 7. Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure states that if a defendant pleads guilty or nolo contendere to either a charged offense or a lesser offense, the plea agreement may specify that an attorney for the government will:

> Agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the agreement.)

Fed. R. Crim. P. 11(c)(1)(C).

4

As the Rule states, even in the case of 11(c)(1)(C) pleas, the Court is not bound to the sentencing within the plea agreement unless the Court accepts the plea. Rule 11(c)(3)(a) states "to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A).

Petitioner claims that Ms. Xinis did not properly inform him of the risk and benefits of agreeing to the initial plea offer and that the offer was then removed once Petitioner acquired new counsel. Doc. 71-1 at 2. Contrary to Petitioner's arguments, the same offer was given to Mr. Martin at the start of his representation of Petitioner. Doc. 75-2 at 1. Even after obtaining new counsel, Petitioner did not accept the plea agreement. Doc. 71-1 at 3. Under the *Strickland* prejudice prong, Petitioner would have to show that the ineffective assistance prejudiced him and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 460 U.S. at 694. Under this standard, Petitioner is not able to prove that Ms. Xinis representation prejudiced him because her alleged deficient performance did not establish a different outcome. The Petitioner rejected the original plea deal even under Mr. Martin's counsel and thus cannot satisfy the "but for" requirement of *Strickland* because he refused the plea offer under new representation.

Petitioner asserts that after being appointed new counsel the Government increased his "drug quantity culpability." Doc. 71-1. at 3. However, Petitioner's charge increase was not a result of a new plea agreement but, instead, a change in the law. The Fair Sentencing Act of 2010, changed the trigger for mandatory minimum of five years imprisonment on a 21 U.S.C. § 841 charge from five grams of crack cocaine base to twenty-eight grams of crack cocaine base

effective August 3, 2010. Doc. No. 75 at 6. The offenses charged in the original Indictment occurred around March 19, 2010. In June 2011, the U.S. Sentencing Commission voted unanimously to retroactively apply the amendments to the Federal Sentencing Guidelines. Doc. No. 75 at 7. In order to maintain consistent sentencing guidelines, the Government presented the Superseding Indictment to the Grand Jury. Doc. No. 75 at 7. Under the Guidelines, the advisory range for the offense would have been the same under both plea offers. Doc. No. 75 at 7.

Finally, Petitioner raises an issue concerning his appeal waiver. Petitioner argues that his Rule 11 colloquy "should have informed Petitioner of the gravity of what he was giving up, and of the high hurdle he would face in trying to prove a miscarriage of justice." Doc. No. 75-1 at 9. However, the Court went through an extensive Rule 11 colloquy with the Petitioner to ensure that he understood the rights that he was waiving by pleading guilty. During this arraignment, Petitioner stated that he understood that he was waiving his right to appeal should his sentence not exceed 150 months and that the Government waived its right to appeal as long as the sentence did not go below 110 months. Doc. No. 67 at 20. Even still, Petitioner appealed his sentence and the Fourth Circuit affirmed that Petitioner "knowingly and intelligently waived his appellate rights." *United States v. Jones*, 493 F. App'x 444, 445 (4th Cir. 2012).

### III. CONCLUSION

The Court has gone to great lengths to liberally construe Petitioners § 2255 motion. Understandably, the Government has vigorously opposed any consideration of the merits of any of Petitioner's claims. The Court has reviewed the current pleading and the entire file relative to the present motion, as well as the underlying criminal case. The Court cannot find, on this record, that Petitioner's counsel committed any errors or deficiencies. Nor can the Court conclude as a result of any alleged error Petitioner has suffered any prejudice. At the end of the

day, Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, Petitioner's motion pursuant to § 2255 is **DENIED**.

## A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255. *See* 28 U.S.C. § 2353(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). It is the Court's view that Petitioner has raised no arguments which cause this Court to view the issues as debatable, or find that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.

| August 9, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |